In the Matter of THE CITY TRUST COMPANY in Liquidation.

In the Matter of the Application of the SUPERINTENDENT OF BANKS OF THE STATE OF NEW YORK for Leave to Sell the Property and Assets of the City Trust Company to Mutual Trust Company.*

Supreme Court, New York County, April 3, 1929.

---

* See, also, 133 Misc. 869.

*Jeremiah T. Mahoney, Edward W. McMahon* and *Warren C. Fielding,* for State Superintendent of Banks.

*Louis Goldstein,* for depositors' committee.

*Harry Mabel,* for certain stockholders.

*Vito Marcantonio,* for Harlem depositors.

*Leon Leighton,* for certain depositors.

McCook, J. Two applications made under section 69 of the State Banking Law by the Superintendent of Banks ask the court's approval of a plan to dispose of all the property of a trust company in liquidation to the Mutual Trust Company whose notice of intention to organize is annexed to the moving papers. By the proposed agreement the new organization "does hereby assume, agree and undertake to purchase by assignment and to pay therefor upon demand immediately after the opening of the Mutual Trust Company for business the full face amount of all outstanding valid claims of depositors of the City Trust Company as of February 11, 1929" (the day of closing). It also assumes to pay in full all other creditors. The provisions for capital and reserve appear adequate. The incorporators of the new institution are prominent men active in the world of business, banking, insurance and utilities, many of them well known to the general public also. I believe they are able to carry out this undertaking. The liabilities of the old concern exceed the assets. Any ordinary processes of liquidation would require years of time and result in certain loss to depositors and other creditors. Two-thirds of the stockholders have expressed in writing their satisfaction with the plan and no depositor or other creditor opposes the substance of it

after two public hearings directed and held by the court. The sole objection still maintained is on behalf of a very small group of stockholders who desire to know at present the exact amount of the deficit. The statutes do not provide that the Superintendent must disclose the details at this time. No public interest is shown to require it, and there may be solid reasons for postponing it. The stockholders should be thankful if the creditors are paid by others than themselves. If they have been wronged by the City Trust Company officers or directors their rights are not affected in any detrimental way by the plan before me. The court's chief and moving concern is the interest of more than 20,000 depositors, men and women mostly of small means, threatened with serious loss if something is not promptly done. They are now confronted by closed doors. The plan submitted for my approval would open those doors; it was designed for their relief through full payment. No better offer — indeed no other offer at all — is made. Its sponsors are men whose financial and moral responsibility has not been questioned. They express themselves as willing and anxious to proceed at once. Their offer should be accepted. The Superintendent of Banks will be authorized to enter into substantially the agreement presented. To insure promptness of action some time limit may appear proper. What provision, if any, is necessary to meet possible failure by the Mutual Trust Company to carry out the terms of the agreement or to secure the stockholders or others in preserving their rights, as well as any other details, can readily be disposed of when the final form of the order is determined upon. The National City Bank of New York has offered $100,000 for the exclusive right to use the name of the City Trust Company and no other offer is before me. This sale is authorized and the proceeds will be received by the Superintendent of Banks and turned over by him to the Mutual Trust Company upon its organization under the agreement of which I have already expressed approval. An order to this effect will be signed at the same time as the order upon the other application.